IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UBER TECHNOLOGIES, INC., | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| GILBERT WASHINGTON, JR., | § § | |
| *Defendant.* | § § | |

## PETITION TO CONFIRM ARBITRATION AWARD AND FOR FINAL JUDGMENT

Plaintiff Uber Technologies, Inc., ("Uber") files this Petition to Confirm Arbitration Award issued by Hon. Elizabeth Ray on June 30, 2022 against Defendant Gilbert Washington, Jr. ("Washington") in the arbitration titled *Gilbert Washington v. Uber Technologies, Inc.* ("Arbitration Award")[1] pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.  In support of its Petition to Confirm Arbitration Award and for Final Judgment, Uber states as follows:

## I.
## PARTIES

1. Uber is a Delaware corporation authorized to conduct business in the State of Texas with its principal place of business in San Francisco, California.

2. Washington is an individual residing in Richmond, Texas. Uber will serve Washington at his last known address. Counsel for Uber contacted Washington's counsel of record in the arbitration proceeding—Bret Stanley, Kherkher Garcia, LLP, 2925 Richmond Ave., Ste. 1560 Houston, Texas 77098—and Mr. Stanley confirmed that his firm will continue to represent Washington in this matter but will not accept substituted service on Washington's behalf.

---

[1] A copy of the June 30, 2022 Final Award issued by Arbitrator, the honorable Judge Elizabeth Ray is attached to Uber's Petition as **Exhibit A**.

PETITION TO CONFIRM ARBITRATION AWARD AND FOR FINAL JUDGMENT – Page 1

## II.
## JURISDICTION AND VENUE

3.  Federal question jurisdiction exists under 28 U.S.C. § 1331 because Uber seeks to confirm an arbitration award in its favor as to Washington's claims under federal law, including claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§§ 201, *et seq.*

4.  Diversity jurisdiction exists under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000:

   a.  Washington is domiciled in Texas and is a citizen of Texas. Uber, a corporation, is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Uber is incorporated under the laws of the state of Delaware, with its principal place of business in San Francisco, California. Because Washington is a citizen of the state of Texas and Uber is a citizen of the states of Delaware and California, the parties' citizenship is diverse within the meaning of 28 U.S.C. § 1332(a)(1).

   b.  When determining the amount in controversy relating to a motion to compel arbitration or petition to vacate or confirm an arbitration award, the Fifth Circuit takes the "demand approach," which dictates that "the amount in controversy is the amount sought in the underlying arbitration rather than the amount awarded." *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 182-83 (5th Cir. 2016) (internal citations omitted). Further, "in the Fifth Circuit, if a statute provides for the recovery of attorney's fees, then they are included in calculating the amount in controversy." *Albright v. IBM Lender Process Servs. Inc.*, No. CIV.A. H-11-1045, 2011 WL 5921379, at *3 (S.D. Tex. Nov. 28, 2011) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute

provides for attorney's fees, such fees are included as part of the amount in controversy."); *see also Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (reviewing a jurisdictional statute analogous to 28 U.S.C. §§ 1331 and 1332 and holding that attorneys' fees authorized by the FLSA must be included for purposes of calculating the amount in controversy). Here, in the underlying arbitration, Washington sought monetary relief in the amount of $102,837.60, plus an additional $100,091.00 in attorneys' fees, pursuant to 29 U.S.C. § 216(b). Therefore, the amount in controversy in this matter exceeds the jurisdictional requirement of $75,000.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 9 because the Southern District of Texas, Houston Division, is the federal district and division that embraces Fort Bend County, the county in which Washington resided both at the time his alleged causes of action accrued and during the arbitration. *See* 28 U.S.C. § 124(b)(2). Additionally, while the arbitration award that is the subject of these proceedings for confirmation was the result of an arbitration proceeding between the parties which took place via Zoom videoconferencing, counsel for Washington and the Arbitrator, the honorable Judge Elizabeth Ray, were located in Houston, Texas.

6. The arbitration agreement between the parties provides that it and the arbitration are governed by the Federal Arbitration Act (Title 9 U.S.C. § 1 et seq.) ("FAA") and that a court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration. A copy of Uber's Platform Access Agreement, which includes the binding arbitration provision ("Arbitration Provision") in Section 13, is attached as **Exhibit B**.

## III.
## FACTUAL BACKGROUND

7. On October 23, 2020, Washington served a Demand for Arbitration[2] on Uber alleging misclassification claims under the FLSA, and that Uber failed to pay minimum and overtime wages for off-the-clock work and failed to reimburse for tips and mileage as required under the FLSA and Texas common law.

8. The parties agreed that former Judge Elizabeth Ray would serve as the Arbitrator to conduct the proceedings and proceeded to engage in substantial discovery and motion practice.

9. On April 13-14, 2022, the Arbitrator presided over a two-day remote arbitration hearing on Washington's claims conducted via Zoom, in light of the COVID-19 pandemic. Witnesses offered testimony and the Parties offered documentary evidence.

10. The arbitration hearing concluded on April 14, 2022, and the Parties submitted post-hearing briefs thereafter, with the record remaining open until May 11, 2022. On June 30, 2022, the Arbitrator issued the post-hearing Arbitration Award finding against Washington and in favor of Uber on each of Washington's claims. *See* Exhibit A, p. 21 ("Claimant, Gilbert Washington, Jr. failed to meet his burden of proof on all causes of action and therefore shall take nothing from the Respondent, Uber Technologies, Inc. [and] . . . [t]his award disposes of all claims . . . submitted to this arbitration.") A copy of the Arbitration Award was sent to all parties via electronic mail that same day.

## IV.
## ARGUMENT AND AUTHORITIES

11. Uber incorporates by reference the facts alleged above.

---

[2] The parties agreed to binding arbitration. *See* **Exhibit B.**

Washington accepted the Platform Access Agreement on January 8, 2020 by clicking "Yes, I agree" in the Uber Application. A spreadsheet showing all of Washington's accepted agreements, including the Platform Access Agreement, is attached as **Exhibit C**

12. By the express terms of the Arbitration Provision, it is governed by the FAA. (Ex. B at ¶ 13.1(a) ("This Arbitration Provision is a contract governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. . . ."). Under the FAA, a petition to confirm an arbitration award must be filed and served within a year of the date of the award. 9 U.S.C. § 9. The Arbitrator signed the Arbitration Award on June 30, 2022. Uber brings this petition within the prescribed one-year statute of limitations.

13. To the extent Washington wished to challenge the Arbitration Award, the FAA requires that such an action be served upon the parties within three months after the award was filed or delivered. *See* 9 U.S.C. § 12. Washington did not move to vacate, modify, or correct the Arbitration Award, and the time in which to do so expired over six months ago.

14. Under the FAA, upon an application by either party for an order confirming the Arbitration Award, the Court *must* confirm and enforce the Arbitrator's decision. *See* 9 U.S.C. § 9 ("the court **must** grant such an order unless the award is vacated, modified, or corrected . . .").

15. Because Washington did not move to vacate, modify, or correct the Arbitration Award within three months after the award was filed, he cannot raise any challenge to the award in this proceeding for any reason. *Cigna Ins. Co. v. Huddleston,* 986 F.2d 1418, 1993 WL 58742, * 11 (5th Cir. 1993).

16. A party opposing confirmation of an arbitration award further may not assert affirmative defenses which recast time-barred challenges to the validity of the award. *See, e.g., Am. Income Life Ins. Co. v. Alkurdi*, No. 6:19-CV-00016-ADA, 2019 WL 2022220, at *1 (W.D. Tex. Apr. 25, 2019); *TCMS Transparent Beauty, LLC v. Silvernail*, A-15-CV-926-LY, 2016 WL 715773, at *2 (W.D. Tex. Feb. 22, 2016), *report and recommendation adopted sub nom. TCMS Transparent Beauty, LLC v. Ail*, No. A-15-CV-926-LY, 2016 WL 11588631 (W.D. Tex. Apr. 12,

2016) (failure to comply with § 12 deprives the movant of his right to judicial review of the award and prohibits him from raising the alleged invalidity of the award as a defense against its confirmation, a prohibition also applicable to any affirmative defenses); *ABNL Ltd. v. Baker Hughes Process Sys.*, No. CV H-04-4662, 2005 WL 8164068, at *10 (S.D. Tex. May 16, 2005) ("The weight of appellate authority establishes persuasively that 'grounds for vacating an arbitration award may not be raised as an affirmative defense after the period provided in the appropriate statute of limitations governing applications to vacate an arbitration award has lapsed.'") (collecting cases) (citations omitted). *Tokura Constr. Co. v. Corporacion Raymond, S. A.*, 533 F. Supp. 1274, 1278 (S.D. Tex. 1982) (when objecting party to an arbitration award does not file objections within three months after the award is filed, the objecting party is barred by § 12 from raising objections when the opposing party brings an action to confirm the award).

17.   Such mandatory confirmation, as contemplated in Section 9 of the FAA, is appropriate here, as the Arbitration Award ruled in favor of Uber on each of Washington's claims and thus, it is a final and definite award in which the arbitrator has disposed of all issues in the arbitration.  *See Richard Dale Relyea Ltd. P'ship v. Pershing, LLC*, No. CIV.A. H-05-01749, 2006 WL 696564, at *2 (S.D. Tex. Mar. 14, 2006) (explaining that an award is "final" only if the arbitrator has disposed of all issues in the arbitration); *see also Lummus Glob. Amazonas S.A. v. Aguaytia Energy del Peru S.R. Ltda.*, 256 F. Supp. 2d 594, 639 (S.D. Tex. 2002), decision modified on denial of reconsideration (June 14, 2002) ("As a general rule, a final and definite arbitration award must both resolve all the issues submitted to arbitration, and determine each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award") (internal quotations omitted); *InTown Homes Ltd. v. Knoche*, No. 14-20-00275-CV, 2022 WL 1671136, at *3 (Tex. App.—Houston [14th Dist.], May 26, 2022, no pet.) (reversing denial of

confirmation award and rejecting appellee's argument that "that there was no award to confirm" when the arbitrator's award was a dismissal without prejudice because any "final judgment or decision" of an arbitrator constitutes an award for which confirmation is mandatory unless previously vacated).

18. Further, the parties contractually agreed that upon the issuance of a final Arbitration Award, either party could request confirmation of the same, as Uber has done by filing this Petition, and that "[a] court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration."  *See* Exhibit B, § 13.7.

19. Therefore, by filing this Petition, Uber satisfied its obligation under the FAA and its contractual agreement with Washington, and the Court must issue an order confirming the Arbitration Award in accordance with Section 9 of the FAA.

## V.
## CONCLUSION

For the foregoing reasons, Uber Technologies, Inc. respectfully requests the Court confirm the Arbitration Award, enter Final Judgment in conformity with the Award, and grant Uber such other and further relief to which it may be justly entitled.

Dated: May 1, 2023

Respectfully submitted,

/s/ *Melinda J. Wetzel*
Kimberly R. Miers
Texas State Bar No. 24041482
Southern District Bar No. 629763
Nicole S. LeFave
Texas State Bar No. 24085432
Southern District Bar No. 2414855
Melinda J. Wetzel
Texas State Bar no. 24115637
Southern District Bar No. 3666447
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
100 Congress Avenue
Suite 1400
Austin, Texas 78701
512.982.7250 (Telephone)
512.982.7248 (Telecopier)
kmiers@littler.com
nlefave@littler.com
mwetzel@littler.com

Allison Clara Williams
State Bar No. 24075108
Southern District Bar No. 1138493
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
acwilliams@littler.com

Collin Quigley
Texas State Bar No. 24100928
Southern District Bar No. 3285376
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201-2931
214.880.8100 (Telephone)
214.880.0181 (Facsimile)
cquigley@littler.com

**ATTORNEYS FOR PLAINTIFF**
**UBER TECHNOLOGIES, INC.**